UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONCORDIA THEOLOGICAL SEMINARY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO.: 1:05-CV-285-TS ) |
| WILLIAM C. HENDRY d/b/a STRATEGIC DEVELOPMENT SOLUTIONS, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss [DE 9] Counts II, III, and IV of the Complaint for failure to state a claim upon which relief can be granted.

**BACKGROUND**

On July 13, 2005, Concordia Theological Seminary, Inc., (CTS) filed a four-count Complaint in the Allen Circuit Court against William C. Hendry d/b/a Strategic Development Solutions. CTS asserted state law claims against the Defendant for breach of contract, fraud, conversion, and deception. On August 16, 2005, the Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1446 and 1332(a). On September 16, the Defendant moved to dismiss Counts II, III, and IV of the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Plaintiff failed to assert a claim against it for fraud, conversion, or deception. On September 30, the Plaintiff responded and on October 17, the Defendant replied.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

The federal rules follow the notice pleading approach, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process. *Int'l Mktg, Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 733 (7th Cir.1999). However, allegations of fraud are subject to the heightened pleading standard of Rule 9(b), which requires all averments of fraud to be stated with "particularity." Fed. R. Civ. P. 9(b).

**COMPLAINT ALLEGATIONS**

In January 2003, the Plaintiff advertised that it was seeking a full-time Development Officer to solicit gifts from donors to financially support CTS. On January 10, 2003, the Defendant responded to the advertisement by sending an email to CTS with his resume attached.

Shortly thereafter, on February 3, 2003, the Defendant accepted employment with California

State University, Long Beach, as the Directory of Development for the College of Business Administration. Despite obtaining this employment with California State University, the Defendant traveled to Fort Wayne to interview for the Development Officer position. He did not disclose to CTS that he was employed by California State University.

Following his initial interview, the Defendant continued discussions with CTS regarding the terms and conditions of his service to CTS. The Defendant proposed that he continue to live in California and that he be considered a consultant rather than an employee of CTS. Following these discussion, the parties agreed that the Defendant's compensation would be equivalent to a normal, full-time advancement officer's salary plus benefits for a single person. The Defendant was to provide his own health insurance coverage and retirement and disability insurance coverages. He would be deployed in Southern California assigned to the western and southwestern states as a full-time consultant/advancement officer exclusively for CTS.

On July 14, 2003, the Defendant began his full-time position with CTS. He was still employed by California State University and did not disclose this fact to CTS. CTS gave the Defendant its computer files with proprietary information regarding CTS's donors and prospective donors. Between July 14, 2003, and June 7, 2005, the Defendant regularly attended monthly staff meetings at CTS in Fort Wayne, had phone conferences with CTS advancement staff, and submitted monthly invoices and expense reports for reimbursement. The Plaintiff paid the Defendant $122,669.33 for his services and related expenses.

On June 7, 2005, CTS learned that the Defendant was employed by California State University and relieved him of his consultant/advancement officer duties.

**DISCUSSION**

**A. Count II—Fraud**

In an action for actual fraud under Indiana law, a plaintiff must prove the following five elements: (1) that there was a material representation of a past or existing fact; (2) that the representation was false; (3) that the representation was made with knowledge or reckless ignorance of its falsity; (4) that the complainant relied on the representation; and (5) that the representation proximately caused the complainant's injury. *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 667 (Ind. Ct. App. 2002); *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1250 (Ind. Ct. App. 1998). To satisfy the pleading requirements of Rule 9(b), a plaintiff pleading fraud must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994); *UniQuality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

The failure to disclose all material facts by one who has a legal duty to disclose also constitutes actionable fraud. *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. Ct. App. 2004); *The First Bank of Whiting v. Schuyler*, 692 N.E.2d 1370, 1372 (Ind. Ct. App.1998). Omissions are analyzed under the theory of "constructive fraud," which consists of: 1) a duty existing by virtue of the relationship between the parties; 2) representations or omissions made in violation of that duty; 3) reliance thereon by the complainant; 4) injury to the complainant as a proximate result thereof; and 5) the gaining of an advantage by the party to be charged at the expense of the complainant. *Douglas*, 808 N.E.2d at 695. Constructive fraud arises by acts or course of conduct which, if sanctioned by law, would, either in the particular case or in common

experience, secure an unconscionable advantage, irrespective of the existence of evidence of actual intent to defraud. *Orem v. Ivy Tech State College*, 711 N.E.2d 864, 868 (Ind. Ct. App. 1999). The law infers fraud from the relationship of the parties and the circumstances which surround them independent of any intent. *Id.*

The Defendant argues that the Plaintiff's allegations of fraud fail to state a claim because the Plaintiff has not alleged any misrepresentation of past or existing fact by the Defendant. The Defendant states that there is no attempt to identify the particular misrepresentation, when it was made, or where is was made. He contends that if the Plaintiff is relying on the theory of constructive fraud, the Complaint still fails to state a claim because there has been no allegation of a fiduciary, confidential, or other special relationship between the parties.

The Plaintiff submits that it has stated a claim for both actual and constructive fraud. The Plaintiff alleged that the Defendant's withholding of the fact that he was employed by California State University when he began full-time consulting for the Plaintiff is the basis for the actual fraud. The Plaintiff contends that it plead with particularity the time period over which the fraud was perpetuated when it particularized the hiring process and the Defendant's employment dates. In support of its claim for constructive fraud, the Plaintiff argues that the Defendant had a duty to disclose his employment status because it was a fact known or accessible only to the Defendant and he knew that the Plaintiff was not aware of the fact or could not reasonable discover the undisclosed fact.

Taking the well-pleaded allegations to be true and viewing them in the light most favorable to the plaintiff, the Defendant's failure to disclose his employment status with another college is the sole deceptive act, albeit continuing, in support of the Plaintiff's fraud claim. Because a claim for

5

actual fraud requires a material misrepresentation, not just an omission, the Plaintiff cannot state a claim for actual fraud. However, as stated above, an omission may form the basis for a claim of constructive fraud if there is a duty to disclose the information.

> The relationship element can be satisfied with proof of a fiduciary or confidential relationship between the parties, *Hardy v. South Bend Sash & Door Co.*, 603 N.E.2d 895 (Ind. Ct. App.1992), with proof of some other special relationship that would impose an added duty, *Comfax v. North Am. Van Lines*, 587 N.E.2d 118 (Ind. Ct. App.1992), or when circumstances exist that are 'so likely to result in injustice that the law will find a fraud despite the absence of fraudulent intent.' *Wright* [*v. Pennamped*], 657 N.E.2d [1223] at 1233 [Ind Ct. App. 1995].

*Remmers v. Remington Hotel Corp.*, 56 F. Supp. 2d 1046, 1057 (S.D. Ind. 1999).

The Plaintiff alleges no relationship that would give rise to a duty to disclose. The Plaintiff does not address the parties' relationship, but argues that the fact that the Defendant was working for another employer in California was not easily ascertainable by CTS, but was accessible only to the Defendant, giving rise to a duty to disclose in the absence of a fiduciary or confidential relationship. The Complaint does not support this inference. The Plaintiff listed Southern California University as his present employer on his resume. There is nothing alleged in the Complaint that would support an inference that CTS could not have contacted Southern California University. Moreover, and more importantly, the case the Plaintiff relies on for the proposition that an action for fraudulent disclosure may be brought against a defendant in the absence of a fiduciary or confidential relationship where the Defendant had unique access to the undisclosed fact, applies California law, not Indiana law. *See Northrop Corp. v. General Motors Corp.*, 807 N.E.2d 70 (Ind. Ct. App. 2004). In Indiana, "[i]t is essential that there be a dominant and a subordinate party, and it must be established by the facts that the alleged subordinate party was justified in relying upon a relationship of trust and confidence." *Grow v. Ind. Retired Teachers Community*, 271 N.E.2d 140,

6

143 (Ind. Ct. App. 1971). It cannot be reasonably inferred from the Complaint that such a relationship existed. Nor has this Court been directed to, or found any case, in support of the proposition that a prospective employee's failure to disclose all material facts to an employer creates a circumstance that is so likely to result in injustice that the law will find a fraud despite the absence of fraudulent intent.

The Plaintiff has failed to state a claim for actual or constructive fraud under Indiana law. Count II of the Complaint will be dismissed.

**B. Count III—Conversion**

Under Indiana Code section 34-24-3-1, a person who proves the elements of criminal conversion by a preponderance of the evidence can recover up to three times the actual damages, the costs of the action, and reasonable attorney's fees. Indiana Code section 35-43-4-3 provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion."

The Plaintiff alleges, in Count III, that the Defendant converted the property of CTS in violation of Indiana Code section 35-43-4-3 and that CTS was damaged by the conversion. The Plaintiff does not specify the property that was converted. However, the Plaintiff requests damages in the amount of $368,007.99, which is three times the amount the Plaintiff received from the Defendant as payment for consulting services and reimbursement for expenses. The Plaintiff does not reference any other property in Count III, such as the computer files and proprietary information. In comparison, in Count I, the breach of contract claim, the Plaintiff asserts that the Defendant improperly retained CTS's computer files and proprietary information and requests the Court to

order the Plaintiff to return all proprietary information and enjoin him from copying, using, or otherwise disclosing the information. The Defendant concluded in its motion to dismiss that the Plaintiff intended to allege that the property the Defendant converted was the money he received for his consulting services and associated expenses. The Court agrees that the conversion claim references money only.

"[M]oney may be the subject of a conversion action only if it is 'a determinate sum with which the defendant was entrusted to apply to a certain purpose.'" *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004) (quoting *Huff v. Biomet, Inc.*, 654 N.E.2d 830, 836 (Ind. Ct. App.1995), *overruled on other grounds by St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 703 (Ind. 2002)); *Kopis v. Savage*, 498 N.E.2d 1266, 1270 (Ind. Ct. App. 1986) (stating that the money must be capable of being identified as a special chattel).

The Plaintiff did not allege that the funds it paid to the Defendant were to be held by the Defendant for a specific purpose. *See Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 849–50 (S.D. Ind. 2005) (dismissing the plaintiff's claim for conversion of money paid under contract for the performance of various professional services). The Complaint, and all reasonable inferences derived from the Complaint, are that the property alleged to have been converted was money paid to the Defendant for his services and expenses. The Plaintiff can prove no set of facts in support of his claim that the Defendant converted the Plaintiff's money in violation of Indiana statute. The Plaintiff did not allege, as it asserts in its response to the motion to dismiss, that the Plaintiff converted the Defendant's computer files and proprietary information and the Court will not address the viability of such a claim. The Plaintiff's conversion claim is dismissed.

**C. Count IV—Deception**

To support its claim for civil deception under Indiana Code section 34-4-30-1, the Plaintiff must show by a preponderance of the evidence that the Defendant committed the crime of deception, and that as a result the Plaintiff suffered a pecuniary loss. *Decatur Ventures, LLC.*, 373 F. Supp. at 851. Indiana Code section 35-43-5-3 sets forth eleven acts that constitute deception. Subsection (2), which the Plaintiff relies upon, provides that a person who "knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity" commits deception. This statutory definition "requires proof of a false or misleading *written* statement." *Ecker v. Rochester Ford New Holland, Inc.*, 694 N.E.2d 289, 291 (Ind. Ct. App. 1998) (emphasis in original).

The only written statements the Plaintiff references in his Complaint are the Defendant's initial email and attached resume and invoices for payment and requests for reimbursement of expenses. None of these writings contain false of misleading statements. The resume, submitted to the Plaintiff on January 10, 2003, indicates that the Plaintiff was presently employed by California State University School of Theatre as Assistant Dean of External Relations and Executive Director of Development. There is no allegation that this representation was false. Neither is there any allegation or inference in the Complaint that the invoices and requests for reimbursement were not in accordance with the parties contract or that the services were not rendered or the expenses not incurred. Thus, there is no false or misleading written statement to support a claim for relief under Count IV of the Complaint.

**CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 9] is GRANTED. Counts II, III, and IV of the Complaint are dismissed with prejudice.

SO ORDERED on November 9, 2005.

                                          s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT