UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONCORDIA THEOLOGICAL SEMINARY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO.: 1:05-CV-285 ) |
| WILLIAM C. HENDRY d/b/a STRATEGIC DEVELOPMENT SOLUTIONS, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is Plaintiff Concordia Theological Seminary's Motion to Exclude Defendant's Witnesses and Exhibits (Docket # 32), seeking to preclude Defendant William C. Hendry d/b/a Strategic Development Solutions from calling witnesses and introducing exhibits into evidence because Hendry's Rule 26(a)(1) initial disclosures were submitted five days too late. For the following reasons, the Seminary's motion will be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Concordia Theological Seminary, Inc. filed a complaint in the Allen Circuit Court against William C. Hendry d/b/a Strategic Development Solutions, asserting state law claims against Hendry for breach of contract, fraud, conversion, and deception. (Compl. 1-6.) Essentially, the Seminary alleged that Hendry failed to disclose his employment with California State University, Long Beach when he negotiated for employment with the Seminary and that Hendry continued working at California State after the Seminary hired him full-time. (Compl. 1-3.)

Hendry then removed this case to the District Court. (Docket # 2.) In accordance with

Federal Rule of Civil Procedure 26(f), the parties filed their Report of Parties' Planning Meeting on September 27, 2005, which was made an Order of the Court on October 4, 2005. (Docket ## 11, 13.) This Report listed October 13, 2005, as the deadline for exchanging pre-discovery disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). (Report of Parties' Planning Meeting ¶ 2.) The Seminary, however, now alleges that Hendry did not provide his initial disclosures until October 18, 2005. (Pl.'s Mot. to Exclude Def.'s Witnesses and Exhibits ¶ 2.)

The timing of the Seminary's motion is telling; indeed, the Seminary seems to concede that it grows out of a dispute, which is the subject of a contemporaneous order, denying the Seminary leave to amend its complaint after the pleading deadline. In fact, the present motion was only filed when it became clear that Hendry was opposing the Seminary's amended complaint as being filed too late. In any event, since the motion is now fully briefed, we turn to its merits.

## II. LEGAL STANDARD

Parties are required to disclose to other parties certain categories of information without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1). To ensure compliance with Rule 26(a)(1), Rule 37(c)(1) provides that "[a] party that *without substantial justification* fails to disclose information required by Rule 26(a) . . . is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Generally, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v.*

2

*Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *see also Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004). If, however, "exclusion necessarily entails dismissal of the case, the sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Musser*, 356 F.3d at 756 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000)).

Furthermore, when deciding whether to impose the sanction of exclusion, the following factors should guide the court's analysis: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857 (citations omitted).

### III. DISCUSSION

Here, the Seminary argues under Federal Rule of Civil Procedure 16(b) that Hendry has not demonstrated "good cause" for submitting his disclosures five days late, but in light of Hendry's objection to the Seminary's tardy amended complaint, the argument really seems to be grounded in the adage, "What's sauce for the goose is sauce for the gander." E. Cobham Brewer, *Dictionary of Phrase and Fable* (1898). No doubt this principle of simple fairness has many compelling applications, but this does not seem to be one of them. In fact, we cannot ignore the guiding legal proposition, that the present motion, unlike the Seminary's motion to amend, is governed by the standard established by Rule 37(c)(1). In that regard, it is at least curious to note that neither party mentions the Rule directly, and offer little in the way of argument indirectly. Nevertheless, we think there is enough of a record upon which the Court can rule.

3

Of course, Hendry shows no substantial justification for the timing, suggesting only that it was related to a matter of personal convenience. Nevertheless, we think the late submission was clearly harmless, coming only five days after the deadline, nearly six months before the close of discovery, and a year before trial. Moreover, no one suggests that Hendry's delay involved bad faith or willfulness. *See David*, 324 F.3d at 857.  Furthermore, of the nine potential witnesses disclosed by Hendry, five were also listed as potential witnesses by the Seminary, and the same type of overlap applies to many of the exhibits, so the Seminary can hardly argue surprise or prejudice. Indeed, the lack of prejudice is apparent by the fact that the Seminary waited almost four months before filing the current motion, and then only did so in apparent retaliation for Hendry's opposition to its proposed amended complaint. Indeed, the Seminary never tells us how it has been harmed by the late submission.[1]

At bottom, for a minor, harmless infraction, the Seminary asks the Court to remove all the weapons in Hendry's arsenal, a grossly disproportionate, and on this record unwarranted, sanction. *Sherrod*, 223 F.3d at 610.

### IV. CONCLUSION

For the foregoing reasons, the Seminary's Motion to Exclude Defendant's Witnesses and Exhibits (Docket # 32) is DENIED.

SO ORDERED

---

[1] Of course, months of discovery followed the disclosures, so any claim of prejudice would necessarily ring hollow. *See David*, 324 F.3d at 857.

Enter for March 10, 2006

                                              <u>S/ Roger B. Cosbey</u>
                                              Roger B. Cosbey
                                              United States Magistrate Judge