UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CONCORDIA THEOLOGICAL SEMINARY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:05-CV-285-TS |
| WILLIAM C. HENDRY d/b/a STRATEGIC DEVELOPMENT SOLUTIONS, | ) ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Dismiss Count II of the Counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**BACKGROUND**

On July 13, 2005, Concordia Theological Seminary, Inc., (CTS) filed a four-count Complaint in the Allen Circuit Court against William C. Hendry d/b/a Strategic Development Solutions. CTS asserted state law claims against the Defendant for breach of contract, fraud, conversion, and deception. On August 16, 2005, the Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1446 and 1332(a). On September 16, the Defendant moved to dismiss Counts II, III, and IV of the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Plaintiff failed to assert a claim against it for fraud, conversion, or deception. On November 9, 2005, the Court granted the Defendant's motion and dismissed Counts II, III, and IV of the Complaint with prejudice.

On December 28, 2005, the Plaintiff filed a motion for leave to file an Amended Complaint to reassert its fraud claim and to add a claim under the Indiana Trade Secrets Act. The Defendant

opposed the motion and after additional briefing, the motion was denied by the Magistrate Judge on March 10, 2006. This denial is the subject of a motion to reconsider.

On January 3, 2006, the Defendant filed his Answer and asserted counterclaims for "Breach of Contract" and "Quantum Meruit—Unjust Enrichment" for failure to pay him for his consulting services and for expenses incurred in providing those services. On January 24, the Plaintiff answered the counterclaim.

On February 23, 2006, CTS moved to dismiss Count II of the Counterclaim, the claim for unjust enrichment. On March 13, Hendry responded, and on March 22, CTS replied.

**DISCUSSION**

**A.     Standard of Review**

Because CTS moved to dismiss Hendry's counterclaim after it filed an answer, the motion should be construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion under Rule 12(c) is subject to the same standard as a Rule 12(b) motion for dismissal for failure to state a claim. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Id.* The court must view the facts in the complaint in the light most favorable to the nonmovant. *Id.*

The federal rules follow the notice pleading approach, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The only function the pleadings must serve is to give notice of the claim; the development of legal theories

2

and the correlation of facts to theory come later in the process. *Int'l Mktg, Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 733 (7th Cir.1999).

**B.      Counterclaim**

Hendry alleges that CTS agreed to pay him a monthly consulting fee and to reimburse him for expenses in connection with the consulting services. (Counterclaim, ¶ 8.) In his claim for quantum meruit—unjust enrichment, Hendry incorporates by reference the preceding paragraphs, including the contention that he had a consulting agreement with CTS.

CTS argues that, because unjust enrichment only operates when there is no governing contract, Hendry's counterclaim fails as a matter of law since it includes allegations that a specific contract governed the parties' relationship. As to the reference to quantum meruit, CTS notes that this term has been used to describe both contract-in-fact cases and cases in which there is no contract and that considerable confusion has arisen in the use of the term quantum meruit to describe both kinds of cases. (DE 40 at 4–5) (citing *F. McConnell & Sons, Inc. v. Target Data Sys., Inc.*, 84 F. Supp. 2d 961 (N.D. Ind. 1999)). CTS contends that, by incorporating allegations regarding a contract and referring to both quantum meruit and unjust enrichment, Hendry has failed to set forth a simple, concise, or direct explanation of the claim he intends to assert. CTS submits that it has not been given "adequate notice as to whether Hendry seeks to advance a quantum meruit remedy for breach of contract or an unjust enrichment claim for relief, or both." (DE 40 at 5.)

Hendry submits that he may alternatively plead both breach of contract and unjust enrichment and has sufficiently done so. In the alternative, relying on the remedy allowed in *McConnell* where the court found that a claim entitled "Quantum Meruit" blurred the distinction

3

between express, implied-in-fact, and implied-in-law contracts, Hendry requests leave of court to amend his counterclaim to properly plead his claim for unjust enrichment.

The Court finds that Hendry's claim is confusing as plead and does not put CTS on notice as to whether he is claiming an additional remedy for breach of contract (quantum meruit), or asserting an alternative theory of recovery (unjust enrichment). Accordingly, the Court dismisses Count II of the Counterclaim without prejudice and grants Hendry leave to amend the counterclaim to properly plead this count.

## CONCLUSION AND ORDER

For the foregoing reasons, CTS's Motion to Dismiss [DE 40] is GRANTED. Count II of the Counterclaim is DISMISSED WITHOUT PREJUDICE. Hendry is GRANTED LEAVE TO AMEND his Counterclaim within 10 days of the issuance of this order.

SO ORDERED on May 1, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT