UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONCORDIA THEOLOGICAL SEMINARY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM C. HENDRY d/b/a )<br>STRATEGIC DEVELOPMENT )<br>SOLUTIONS, )<br>)<br>Defendant. )<br>_____ )<br>)<br>WILLIAM C. HENDRY d/b/a )<br>STRATEGIC DEVELOPMENT )<br>SOLUTIONS, )<br>)<br>Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>CONCORDIA THEOLOGICAL )<br>SEMINARY, INC., )<br>)<br>Counterclaim Defendant. ) | CAUSE NO.: 1:05-CV-285-TS |

**OPINION**

On May 11, 2006, the Court conducted a hearing with parties' counsel to resolve several pending discovery motions. One issue that remained after the hearing, which the Court now addresses, is whether the Plaintiff, Concordia Theological Seminary, Inc., should be allowed to include a claim for criminal deception in its amended complaint.

The Plaintiff's original complaint, filed in the Allen Circuit Court against the Defendant, William C. Hendry d/b/a Strategic Development Solutions, asserted four state law causes of action,

including deception. After removing the suit to federal court, the Defendant moved to dismiss Counts II, III, and IV of the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Plaintiff failed to assert a claim against him for fraud, conversion, or deception. On November 9, 2005, the Court granted the Defendants motion, leaving only the Plaintiff's claim for breach of contract.

## DECEPTION CLAIM

The Plaintiff contends that its claim for deception under Indiana Code section 35-43-5-3 is viable because Hendry knowingly or intentionally omitted from his resume his employment with the International Myeloma Foundation (IMF), and that this constituted a false or misleading written statement.

To support its claim for civil deception under Indiana Code section 34-24-3-1 (formerly 34-4-30-1), the Plaintiff must show by a preponderance of the evidence that the Defendant committed the crime of deception, and that as a result the Plaintiff suffered a pecuniary loss. *Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 851 (S.D. Ind. 2005). Indiana Code section 35-43-5-3(a) sets forth eleven acts that constitute deception. Subsection (2), upon which the Plaintiff relies, provides that a person who "knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity" commits deception. This statutory definition "requires proof of a false or misleading *written* statement." *Ecker v. Rochester Ford New Holland, Inc.*, 694 N.E.2d 289, 291 (Ind. Ct. App. 1998).

In its order for dismissal, the Court found that the only written statements the Plaintiff referenced in its original complaint were the Defendant's initial email and attached resume and

invoices for payment and requests for reimbursement of expenses. None of these writings were false or misleading. The resume, submitted to the Plaintiff on January 10, 2003, indicated that the Plaintiff was presently employed by California State University School of Theatre as Assistant Dean of External Relations and Executive Director of Development. The Plaintiff did not allege that this representation was false.[1] Neither did it allege or infer in the Complaint that the invoices and requests for reimbursement were not in accordance with the parties contract or that the services were not rendered or the expenses not incurred. Thus, there was no false or misleading written statement to support a claim for deception.

The Plaintiff claims that during discovery, it learned that the resume did not disclose the Defendant's short term employment or discharge from IMF or the fact that he had a consulting practice. It asserts that these omissions were material. The Defendant argues that an omission cannot provide the factual predicate for a criminal deception claim because it does not constitute a "false or misleading written statement."

It is a fundamental rule of statutory construction that a court may not interpret a statute that is clear and unambiguous on its face. *Economy Oil Corp. v. Ind. Dep't of State Revenue*, 321 N.E.2d 215, 218 (Ind. Ct. App. 1974). Instead, it gives the statute its plain and clear meaning and will not resort to other rules of statutory construction. *Pub. Employees' Retirement Fund v. Shepherd*, 733 N.E.2d 987, 989 (Ind. Ct. App. 2000). If the meaning of a statute's language is reasonably susceptible to more than one construction, the court will construe the statute to determine the apparent legislative intent. *Leehaug v. State Bd. of Tax Comm'rs*, 583 N.E.2d 211, 213 (Ind. Tax Ct.

---

[1] The Plaintiff has clarified that the resume did not list California State University School of Theatre, but the USC School of Theatre. The Plaintiff contends that, although this was false because he no longer worked there, the Defendant did make this clear in phone conversations and subsequent conversations.

1991). When interpreting a statute, the statute is to be construed as a whole, giving effect to all of the provisions and giving words their common and ordinary meaning and not overemphasizing strict literal or selective reading of individual words. *Shepherd*, 733 N.E.2d at 989–90; *Durkes v. Converse*, 572 N.E.2d 530, 531 (Ind. Ct. App. 1991).

Here, the statute explicitly prohibits certain written statements, both those that are untrue, or "false," and those that are "misleading." Misleading must mean more than false, or the legislature would not have included it. The plain meaning of misleading is to cause to have a false impression, *Merrian-Webster's Dictionary of Law* (1996), or to lead into error of thought or action, especially by intentionally deceiving, *The American Heritage Dictionary of the English Language, Fourth Edition* (2000). Statements can create a false impression or error of thought not only by what is said, but also by what is left unsaid, or omitted, in light of the representations made. Therefore, an omission may be actionable if it renders any statement false or misleading.

The Court does not find the statute ambiguous on its face. Failure to actually refer to an omission does not render the statute unclear. The legislature did not attempt to list every scenario that would make a written statement false or misleading. Indeed, the statute at issue is significantly less specific, and wordy, than Indiana Code section 23-2-2.5-27, another Indiana statute relating to deceit. Under that section, it is unlawful for any person in connection with the sale of a franchise to "make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of circumstances under which they are made, not misleading." Ind. Code § 23-2-2.5-27. Although this statute is more specific, it reinforces the conclusion that untrue statements are distinguished from misleading statements, and that misleading statements are often rendered so by an omission of a material fact.

4

In enacting sections 35-43-5-3 and 34-24-3-1, the legislature determined that certain deceptive acts should be punishable as a crime and expose the person engaged in the deception to civil liable for any resulting pecuniary loss. The legislature determined that both false and misleading statements, made with the intent to obtain employment, would be sufficient to expose one to this liability. As drafted, omissions may form the basis of a claim for deception under Indiana Code section 35-43-5-3(a)(2), if it renders a written statement false or misleading. The Court does not, at this time, render any opinion as to whether the Defendant's failure to include his employment with IMF on his resume made any of his other statements false or misleading.

## CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff may assert a state law claim for deception in its amended complaint.

ENTERED on May 17, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT